**Emmanuel Senyo AGYEMAN, Plaintiff—Appellant,**

v.

**KERN COUNTY SHERIFF'S DEPARTMENT; et al., Defendants—Appellees.**

No. 02–17076.

D.C. No. CV–99–05913–HGB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Detainee Emmanuel Agyeman appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging prison officials used excessive force, denied him adequate medical care, and confined him in a shower stall. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001). We affirm in part, reverse in part and remand.

In evaluating Agyeman's excessive force claim, the district court erred in failing to consider Agyeman's response to interrogatories, *see* Fed.R.Civ.P. 56(c), which creates a genuine issue of material fact regarding the reasonableness of the actions of prison officials. *See LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000).

Agyeman's claim of deliberate indifference to his medical needs fails because the admissible evidence demonstrated that prison officials provided timely and adequate medical treatment. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000).

Agyeman's unconstitutional conditions of confinement claim fails, because he presented insufficient evidence that he was deprived of the minimal civilized measures of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 347–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

Each party to bear its own costs on appeal.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

AFFIRMED in part, REVERSED in part and REMANDED.