**Emmanuel Senyo AGYEMAN, Petitioner–Appellant,**

v.

**KERN COUNTY SHERIFF, Defendant,**

and

**De La Rosa; et al., Defendants–Appellees.**

No. 05–15696.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

R.App. P. 34(a)(2).

Emmanuel Senyo Agyeman, Phoenix, AZ, pro se.

Jennifer Leigh Thurston, Office of the County Counsel, Bernard C. Barmann, County Counsel, Kern County Office of County Counsel, Bakersfield, CA, for Defendants–Appellees.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Detainee Emmanuel Senyo Agyeman appeals pro se from the district court's order denying his motion for relief from the court's previous order dismissing his action for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir.2002), and we reverse and remand.

*** This disposition is not appropriate for publication and may not be cited to or by the

Previously, the district court granted defendants' motion for summary judgment and entered judgment against Agyeman. This court reversed in part, holding that Agyeman had presented evidence raising a genuine issue of material fact regarding his excessive force claim. *See Agyeman v. Kern County Sheriff's Dep't.,* 58 Fed.Appx. 364 (9th Cir.2003).

Upon remand, on July 23, 2003, the district court dismissed Agyeman's action for failure to prosecute after Agyeman failed to respond to an order to show cause. Apparently, Agyeman did not receive the district court's order to show cause because he had been moved to a different facility and he notified this court, but not the district court, of his change of address.

After the district court entered judgment of dismissal, Agyeman filed a motion to file a late response to the order to show cause. The district court construed Agyeman's motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b) and denied the motion, stating that plaintiff was not relieved of his obligation to keep the district court informed of his current address while his appeal was pending.

"Rule 60(b)(1) provides that a court may relieve a party from a final judgment on the basis of excusable neglect. The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Laurino,* 279 F.3d at 753 (quotation marks and citation omitted). In this case, the district court abused its discretion in failing to apply the equitable test

courts of this circuit except as provided by 9th Cir. R. 36–3.

for excusable neglect. We note that Agyeman's failure to promptly inform the district court of his new address did not cause any delay in litigation as there was no action required of him at the time his case was dismissed. Moreover, Agyeman acted with diligence and good faith in attempting to litigate the matter in district court once he learned that his appeal had been successful. Accordingly, we reverse the order denying Agyeman's motion for relief from judgment and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**